# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE HENRY MARTIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-9 JAR |
| ) | |
| JAIME GOODWIN, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that defendants, who are Parole Officers for the Missouri Division of Probation and Parole, erroneously required him to register as a sex offender. Defendants move to dismiss this action for failure to state a claim upon which relief can be granted and because they are entitled to qualified immunity. Upon review, the Court finds that defendants are entitled to qualified relief because plaintiff has failed to show they violated a clearly established constitutional right. The motion is granted.

## The Complaint

On October 19, 2010, while plaintiff was incarcerated, defendant James Goodwin informed him he would be required to register as a sex offender.

On November 22, 2011, the Missouri Department of Corrections recorded that plaintiff was required to register as a sex offender. The registration requirement was "added due to Texas Charge as indicated by MULES Criminal Records entry."[1] Am. Compl., p. 13.

---

[1] "MULES" is the Missouri Uniform Law Enforcement System, which is a criminal history database maintained by the Missouri State Highway Patrol. Mo. Rev. Stat. § 577.051; *see Dunivan v. Missouri*, 466 S.W.3d 514, 515 (Mo. banc).

The same day, defendant Betsy Betts modified plaintiff's parole release plan, "mandating plaintiff to reside at the St. Louis Community Release Center as a 'Sex Offender' consequentially housed in the sex offender unit." *Id.* at 9-10. In doing so, she "cancelled Plaintiffs 'homeplan' [sic] to family and refused to investigate the plaintiffs [sic] registration requirement as being invalid." *Id.* at 10.

On about April 3, 2014, defendant John Dearing required plaintiff "to sign a Missouri Offender Registration Directive . . . without regard for Plaintiffs [sic] claims of an error . . ." *Id.*

On about May 7, 2015, defendant Derek Vaughn "refused to investigate Plaintiffs [sic] claims as plaintiff 'NOT' required to register as a sex offender . . ." *Id.* On June 18, 2015, two-hundred seventy-five days "abscond time" was added to his criminal case. *Id.* at 10-11, 13. Plaintiff argues that the abscond time was a result of his having been registered as a sex offender.

On June 24, 2015, the Department of Corrections recorded, "Removal Registration Required – Texas. Confirmed he does not need to register in Texas and per MO Hwy Patrol registration is not required in Missouri."

**Discussion**

1. *Statute of Limitations*

Defendants argue that plaintiff's claim against Goodwin is barred by the statute of limitations. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff alleges that Goodwin violated his rights on October 19, 2010. He did not file this action until January 4, 2016, more than five years later. Therefore, plaintiff's claim against Goodwin must be dismissed.

2

2.  *Qualified Immunity*

Defendants argue that they are entitled to qualified immunity because plaintiff has not demonstrated that they violated a clearly established constitutional right in requiring him to register as a sex offender.

Qualified immunity "is an *immunity from suit* rather than merely a defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). It entitles an individual not to be subject to trial or the other burdens of litigation and "is effectively lost if a case is erroneously permitted to go to trial." *Id.* Accordingly, it is important that the question of qualified immunity be resolved as early as possible in the proceedings. *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004)).

"In determining whether a [state] official is entitled to qualified immunity, courts generally look first at whether the official's alleged conduct violated the [plaintiff's] federal rights at all and, if so, then ask whether the right was clearly established at the time of the conduct." *Norman v. Schuetzle*, 585 F.3d 1097, 1103 (8th Cir. 2009). However, this two-step process is not always advantageous. *See Pearson*, 555 U.S. at 237-42. "When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or

3

claims may be hard to identify." *Id.* at 238-39. A district court should abstain from deciding the first prong of the analysis where "the briefing of constitutional questions is woefully inadequate." *Id.* at 239. "[T]he judges of the district courts and the courts of appeals are in the best position to determine the order of decision-making that will best facilitate the fair and efficient disposition of each case." *Id.* at 242; *see also Camreta v. Greene*, 563 U.S. 692, 707 (2011) ("In general, courts should think hard, and then think hard again, before turning small cases into large ones.").

In this case, the question of whether plaintiff was denied his right to due process is not adequately briefed. However, plaintiff has not shown or alleged that defendants' conduct violated a clearly established constitutional right. Plaintiff's allegations show that the Department of Corrections' records, relying on information provided by the Missouri State Highway Patrol, indicated as of November 22, 2011, that plaintiff was required to register as a sex offender. Plaintiff has not shown, and this Court's research has not found, any controlling case law requiring probation officials to look outside of state criminal history records when determining the conditions of parole. So, defendants were not on notice that their conduct could possibly violate the Constitution.

Moreover, plaintiff has not alleged that he took any action to have his name removed from the sex offender registry. He merely alleges that he told defendants, without any evidence, that he should not be required to register. In certain circumstances, Missouri law permits registered sex offenders to challenge their registration in the courts. Mo. Rev. Stat. § 589.400.9. Plaintiff did not allege that he attempted to challenge his registration in state court, either in a civil suit or in a petition for writ of mandamus. Nor does he allege that he took any other action

4

to have his name removed from the registry, such as contacting the State Highway Patrol. For these reasons, the Court finds that defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED**. [ECF No. 17]

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

Judgment will be filed separately.

Dated this 29th day of July, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE